UNITED STATES DISCTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SANDRA B. ATWOOD, <br> STEVEN W. ATWOOD, and <br> BRUCE E. DAVIES, as owners of the <br> Schooner S/V ESTRELA <br>     Plaintiff's <br><br> Vs. <br><br> MACDOUGALS' CAPE COD MARINE <br> SERVICE, INC. <br>     Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br> Civil Action No. _____ |

## PLAINTIFF'S COMPLAINT

The Parties and Vessel

1.     Plaintiff Sandra Atwood, is a resident of West Tisbury, Dukes County, Commonwealth of Massachusetts.

2.     Plaintiff, Steven W. Atwood is a resident of West Tisbury, Dukes County, Commonwealth of Massachusetts.

3.     Plaintiff, Bruce Davies is a resident of West Tisbury, Dukes County, Commonwealth of Massachusetts.

4.     Defendant, MacDougals' Cape Cod Marine Service, Inc. (hereinafter "MacDougals'") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business in Falmouth, Barnstable County, Commonwealth of Massachusetts.

5. From 2014 to present, Defendant MacDougals' owned, operated and controlled a shipyard and marina in Falmouth, MA operating under the name MacDougals' Cape Cod Marine Service.

6. In 1999, the Plaintiffs, Bruce Davies, Sandra Atwood and Steven Atwood, formed a partnership with respect to the ownership, operation, and maintenance of a wooden schooner, the S/V ESTRELLA (O.N. 573532).

7. From 1999 through September 2016, the Plaintiffs, Bruce Davies, Sandra Atwood and Steven Atwood, (hereinafter "Vessel Owners") were joint owners of the S/V ESTRELA (O.N. 573532) with Plaintiff Davies holding a one half ownership interest in the vessel and Sandra and Steven Atwood each holding a one quarter ownership interest in the vessel.

General Factual Allegations

8. On November 20, 2014, Plaintiff, Steven Atwood, acting on behalf of the Vessel Owners, spoke to an agent of MacDougals', Timothy Cohan, regarding MacDougals' hauling out the F/V ESTRELA, storing the vessel out of the water during the winter of 2014-2015 and maintenance & repairs to be performed on the vessel by MacDougalls' while she was out of the water.

9. After discussing with Mr. Cohan the cost and availability of Defendant MacDougalls performing the tasks identified in paragraph 8 above, Steven Atwood, acting on behalf of the Vessel Owners, advised MacDougalls' agent, Mr. Cohan, that the Vessel Owners would like to have MacDougalls' perform the discussed haul out and maintenance/repair work. At the conclusion of this conversation, MacDougalls' agent, Cohan, advised Mr. Atwood that he would forward him a set of layup and commissioning forms and that if he wanted to hire MacDougalls' to perform these services he should review, fill out, initial, sign and return the layup and commissioning forms to MacDougalls.

10.     On November 20, 2016, following the conversation referred to in paragraphs 8 and 9 above, MacDougals' forwarded to Plaintiff, Steven Atwood, the layup and commissioning forms referred to in Paragraph 9 above.

11.     On November 26, 2016, Plaintiff Steven Atwood, filled out, initialed, signed and dated the layup and commissioning forms referred to in paragraph 10 above, and faxed them to MacDougalls' with an accompanying fax cover sheet.

12.     The fax cover sheet referred to in paragraph 11 above, indicated the vessel owners intent to have the S/V ESTRELLA hauled out the week of December 1, 2014.

13.     The commissioning form referred to in paragraph 11 above, contained a request written by Mr. Atwood to "find and repair leak near transom of boat".

14.     On November 26, 2014, MacDougalls' received the fax cover sheet and the haul out and commissioning forms referred to in paragraphs 11, 12, and 13 above.

15.     On November 26, 2014, after MacDougals' received the fax cover sheet and haul out and commissioning forms referred to in paragraph 11 above, an agent of MacDougals', Mark Bancroft, forwarded to Steven Atwood, a "customer information" form.

16.     On November 26, 2014 Steven Atwood filled out and signed the "customer information" form referred to in paragraph 15 above and forwarded it to MacDougals'.

17.     By November 27, 2014 MacDougals' received the signed customer information form referred to in paragraph 16 above.

18.     On November 27, 2014 there existed a legally enforceable agreement between the Plaintiff, Vessel Owners, and Defendant, MacDougalls' relating to the hauling out, layup and commissioning of the S/V ESTRELLA.

19. On the morning of December 1, 2014, Plaintiff, Bruce Davies, acting on behalf of the Vessel Owners, transported the S/V ESTRELLA from Martha's Vineyard to MacDougalls' shipyard and marina in Falmouth.  At the direction of MacDougalls' agent, Mr. Davies secured the S/V Estrella to MacDougalls' dock.  At the direction of MacDougalls' agent, Mr. Davies went to MacDougalls' business office and advised another agent of MacDougalls that he had delivered the S/V ESTRELLA to be hauled out.  MacDougalls' agent acknowledge delivery of the S/V Estrella and advised Mr. Davies that he could leave.

20. From 10:00 am on the morning of December 1, 2014 through September of 2016 Defendant, MacDougalls' had possession, custody and control of the S/V ESTRELLA.

21. During the one week time period immediately following delivery of the vessel on the morning of December 1, 2014, the S/V ESTRELLA was not hauled out, rather she was left unattended in the water at MacDougals' marina.

22. During the week following the December 1, 2014 delivery of the vessel to MacDougalls', the S/V Estrella took on water such that on the morning of December 8, 2014 the bilge water had risen above the engine and into the living quarters of the vessel, resulting in damage to the vessel, her engine, equipment and appurtenances.

23. On December 8, 2014, MacDougall's pumped out the S/V ESTRELLA, hauled her out of the water and placed the vessel on a cradle within MacDougall's premises in Falmouth, Massachusetts.

24. As a result of the events described in paragraphs 21, 22 and 23 above, the S/V ESTRELLA sustained damage to her hull, engine, accommodations, equipment and appurtenances.

25. As the result of the events described in paragraph 21, 22 and 23 above, the Plaintiff Vessel Owners, Sandra Atwood, Steven Atwood, and Bruce Davies sustained damage to their property, to wit, the S/V ESTRELLA.

26. From December 8, 2014 through September of 2016, the S/V ESTRELLA remained out of the water within MacDougalls' shipyard.

27. From December 8, 2014 through September of 2016 the S/V Estrella sustained additional damage to her hull engine, accommodations, equipment and appurtenances.

28. As the result of the events described in paragraphs 26 and 27 above, the Plaintiff Vessel Owners, Sandra Atwood, Steven Atwood, and Bruce Davies sustained damage to their property, the S/V ESTRELLA.

29. As the result of the events described in paragraphs 21, 22, 23, 26 & 27 above, the S/V Estrella was unseaworthy from December 8, 2014 through September of 2016.

30. As a result of the events described in paragraphs 21, 22, 23, 26, 27 & 28 above, the Plaintiff Vessel Owners, Sandra Atwood, Steven Atwood, and Bruce Davies where deprived of the use and enjoyment of the S/V Estrella and incurred additional charges including without limitation charges for storage of the Vessel.

## JURISDICTION

31. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1333.

## COUNT I

## NEGLIGENCE

32. The Plaintiffs, Sandra Atwood, Steven Atwood, and Bruce Davies, incorporate by reference all of the allegations set forth in paragraphs 1-31 above.

33. From December 1, 2014, through September of 2016 the Defendant, MacDougall's, was a bailor in possession of the S/V Estrella.

34. The Defendant, MacDougall's, had a legal duty to exercise reasonable care under the circumstances to perform the haul out and other services agreed to in November 2014 and to exercise reasonable care under the circumstances to prevent damage to the S/V Estrella.

35. The damage and loss sustained by the Plaintiffs and referred to in paragraphs 25, 28 and 30 above, was caused by the negligence of the Defendant, MacDougall's, including the negligence of its officers, agents, and employees.

36. As a result of the Defendant's negligence the Plaintiffs have sustained damages totaling approximately $100,000.00.

WHEREFORE, the Plaintiffs request entry of Judgment against the Defendant, MacDougall's Cape Cod Service, Inc., in favor of Plaintiff, Bruce Davies, in the amount of $50,000.00, in favor of Plaintiff, Stephen Atwood, in the amount of $25,000.00 and in favor of Plaintiff, Sandra Atwood, in the amount of $25,000.

## COUNT II
### BREACH OF WARRANTEE OF WORKMANLIKE PERFORMANCE

37. The Plaintiffs, Sandra Atwood, Steven Atwood, and Bruce Davies, incorporate by reference all of the allegations set forth in paragraphs 1-31 above.

38. In November 2014, the parties entered into a commercial agreement relating to the Defendant, MacDougall's, performing marine services, maintenance and repairs to the S/V Estrella.

39. By operation of law, the Defendant, MacDougall's, warranted that all marine services, maintenance and repairs would be performed in a workmanlike manner.

40. The damage and loss sustained by the Plaintiff's and referred to in paragraphs 25, 28 and 30 where caused by the Defendant, MacDougalls' breach of its warrantee of workmanlike performance.

41. As a result of the Defendant's breach of its warrantee of workmanlike performance the Plaintiffs sustained damages totaling approximately $100,000.00.

WHEREFORE, the Plaintiffs request entry of Judgment against Defendant, MacDougall's Cape Cod Service, Inc., in favor of Plaintiff, Bruce Davies, in the amount of $50,000.00, in favor of Plaintiff, Stephen Atwood, in the amount of $25,000.00 and in favor of Plaintiff, Sandra Atwood, in the amount of $25,000.

## COUNT III

### BREACH OF CONTRACT

42. The Plaintiffs, Sandra Atwood, Steven Atwood, and Bruce Davies, incorporate by reference all of the allegations set forth in paragraphs 1-31 above.

43. In November 2014, the parties entered into a contract relating to the Defendant, MacDougall's performing marine services, maintenance and repairs to the S/V Estrella.

44. The Defendant, MacDougall's, breached the November 2014 contract relating the performance of marine services, maintenance and repairs to the S/V Estrella.

7

45.     The damage and loss sustained by the Plaintiffs, and referred to in paragraphs 25, 28 and 30, where caused by the Defendant, MacDougalls' breach of contract.

46.     As a result of the Defendant's breach of contract the Plaintiffs sustained damages totaling approximately $100,000.00.

WHEREFORE, the Plaintiffs request entry of Judgment against Defendant, MacDougall's Cape Cod Service, Inc., in favor of Plaintiff, Bruce Davies, in the amount of $50,000.00, in favor of Plaintiff, Stephen Atwood, in the amount of $25,000.00 and in favor of Plaintiff, Sandra Atwood, in the amount of $25,000.

|  |  |
|---|---|
|  | Respectfully Submitted<br>For the Plaintiffs,<br>Sandra Attwood, Steven Attwood<br>and Bruce Davies.<br>by their attorney |
|  | /s/ David F. Anderson<br>David F. Anderson (BBO No. 560994)<br>Latti & Anderson LLP<br>30 Union Wharf<br>Boston, MA 02109<br>(617) 523-1000 |
| Dated:  November 2, 2016 | DAnderson@LattiAnderson.com |